Turley, J.
 

 delivered the opinion of the court.
 

 This is an action brought by the. defendant in error to recover judgment against the plaintiff- upon a note for the sum of three hundred and fifty dollars. This note was executed by one Alfred Hartwell, who was a partner in the practice of physic with George D. Crosthwait, the plaintiff in error; it was an accommodation note for his own benefit, and not for the use of the firm. The note was discounted in bank upon the endorsement of Ross, the defendant, and the proceeds applied by Hartwell to his own use. The endorser, took up the note at maturity, and has brought this suit to charge Crosthwait as maker, to which he pleaded
 
 non est factum,
 
 which under the charge of the court below was found against him, upon which the writ of error is prosecuted. Several questions are presented for the consideration of the court, only one of which we think necessary to examine, as upon that the responsibility of the plaintiff in error rests, and that
 
 *29
 
 is as to the powers of Hartwell to make his co-partner, Orosthwait, liable upon a promissory note for money received by himself and made for his own accommodation.
 

 This question necessarily involves the power of partners to bind each other, and the extent to which it may be carried. Without entering into the question of what constitutes limited and general partnership, and what is the distinction between them as to the liabilities of the partners, which, as we think, has nothing to do with the case under consideration, we proceed to investigate the subject upon the grounds upon which we think it rests. For this purpose, we think partners may be classed: ist. Partners in trade. 2d. Partners in occupation or employment. Chancellor Kent, in the third volume of his Commentaries, page 28, says, “It is not essential to a legal partnership that it be confined to a commercial business. It may exist between attor-nies, conveyancers, mechanics, artizans or farmers, as well as between merchants or bankers.” Now the question is, how far one partner has the right, by his individual contract, to bind his co-partner? We think that when the question is properly understood there is no conflict whatever between the authorities as applicable to partners in trade and partners in occupation or employment. A partner in either case can bind his co-partner in a matter which, according to the usual course of dealing, has reference to business transacted by the firm. See 3 Kent, 41, and the numerous cases there cited in support of this proposition. But, on the contrary, if a person deals with a partner in a matter not within the scope of the partnership, the intendment of the law will be that he deals with him on his private account, notwithstanding the partnership name be used. 3 Kent, 45: 4 John. Reports, 277-8: 16 John. Rep. 38: 19 John. Rep. 154: 6 Wen. 529:
 
 5
 
 Mason, 156. Therefore it is that partners in trade, whose business- is buying and selling, or of whose bm siness this constitutes an important item, may make, draw and endorse promissory notes and bills of exchange, and although one of the firm may abuse his trust for his individual benefit, yet the co-partner shall be bound unless the person contracted with knew at the time that it was not done in
 
 *30
 
 good faith; and this, because in such a business the use of securities is not only considered necessary, but is wel
 
 l
 
 sanctioned by commercial usage. Rut the question recurs, what kind of contract is in the usual course of dealing, and within the scope of the partnership? It is not necessary, nor do we design to argue or determine this question except in relation to the case now under consideration, which is a case of partners in occupation. In the case of
 
 Livingston
 
 vs.
 
 Rosewell,
 
 4 John. Rep. 251, it is held that where,.there are partners engaged in a sugar refinery, if one purchase a lot of brandy and executes a note for the payment thereof in the name of the firm, it is not obligatory upon the firm because not in the'usual course of trade of the firm. In the case of
 
 Dickinson
 
 vs.
 
 Valpray,
 
 21 Eng. Com. Law Reports, 41, it is held that in the case of an ordinary trading partnership the law implies the power of one partner to bind another by drawing and accepting bills, because the drawing and accepting bills is necessary for the purpose of Carrying on a trading partnership, but that it is not generally necessary for mining company, and that therefore in such a case the law will not imply the power of one of the company to bind the others by such contracts.
 

 Now to apply these principles to the case under considT eration. Crosthwait and Hartwell were partners in the practice of physic; this is an occupation, and they may mutually bind each other for all things properly belonging or necessary to be used by them in this vocation, such as medicines, surgical instruments,
 
 et ejusdemgeneris;
 
 but the drawing of bills or the making of notes is no more within the scope of their partnership, in fact not so much so, as was the buying of the brandy by the partner in the sugar refinery, or the drawing of the bills in the mining company. If the note in this case had been executed for any thing for which a firm of physicians had use, as such the firm would have been bound, though the member who drew it had designed at the time to appropriate it to his own use and did so, unless the person contracted with knew of his intention at the time. But money is not an article for which such a firm has use directly, though it may indirectly, but if it has it must be raised
 
 *31
 
 by the individuals comprising the firm, and not hy one member thereof, unless he be authorized by the others so to do independent of any right arising from the partnership.
 

 We therefore think the judgment of the circuit court is erroneous and rrlust be reversed, and the cause remanded for a new trial.