Caruthers, J.,
delivered the opinion of the court.
This was an action of assumpsit upon two promissory notes, one dated November Jth, 1850, for $545 95, and the other for $510 02, dated 21st of February, 1851, both at six months, and signed “ Ferguson &r Treadway.” The defendant Ferguson, plead non est fadmn and other pleas. The notes were given for goods purchased by Treadway, and signed by him, and the only question is whether Ferguson is bound as a partner of Treadway?
One new trial has been granted to each party, and the third verdict and judgment was in favor of the plaintiff’s against the defendant Ferguson, who has appealed to this court.
*256 We would not grant another new trial upon the facts under the rule of this court upon that subject, but it is contended that there are errors. of law in the charge of the court, which operated injuriously to defendant.
The court charged that if Ferguson authorised Tread-way to use his name in the grocery business alone, and he transcended his authority, and purchased dry goods in the name of the firm, and executed the firm’s notes, then, when such facts came to the knowledge of Ferguson, it was his duty, within a reasonable time, to be judged of by the jury, to notify the plaintiffs that he would not be responsible, “ and if he failed to do so, he would be bound.” This is not the law. In such a case, Ferguson would not be bound, unless he assented to the use of his name. Remaining silent or failing to dissent from the contract, made by his partner outside of their business, would be a circumstance to prove assent previous or subsequent, but would not be conclusive as fixing his liability as a matter of law.
Where a note is given by one partner in the name of the firm for his private debt, or which is the same thing, in a transaction unconnected with the partnership business, and known to be so by the person taking it, the other partners are not bound, unless they have consented. Story on Part., p. 208. 2 Cain’s, 246. 11 Johns. R., 544; 19 Ib., 154. 1 Humph., 30.
The principle on this subject is, that the acts of each partner to bind the firm, must be confined within the limits or scojDe of the partnership business.
If these are transcended, there must be an exju’ess or implied authority shown, or a subsequent ratification proved by the person claiming to -hold the firm liable. *257 These facts, like all others necessary to make out a case, may, of course, be established by the proof of circumstances. If other transactions of' the kind had been approved of by the objecting partner; if he knew of this' contract, and made no objection; indicated his approbation by words or actions; failed in a reasonable time to make known to the persons interested, that he would not be bound; these and the like facts, would be proper to go to a jury on the question of authority or assent to the act of one partner, not within the scope of the partnership by the other.
But here the jury were told that a simple failure on the part of Ferguson, to gwe notice to the plaintiffs in a reasonable time that the purchase of dry goods, and the execution of the notes, were without authority from him, and would not be ratified, would bind him upon the notes.
We are aware of no authority which will support this position; none to which we are referred go to that extent.-
The judgment will be reversed, and the cause be remanded for a new trial.