McFarland, J.,
delivered the opinion of the Court.
Fernberger brought this suit against Johl in the-Municipal Court at Memphis. The declaration is upon a note for f810.53, which it is averred was made by the defendant, together with one Abraham Pollock, under the firm name of “ Pollock & Johl.”
The defendant filed a general plea of non est factum, in the form laid down in the Code, in these words:
“ The defendant for plea says that the note upon which' the plaintiffV action is founded was not executed by him or by any one authorized to bind him in the premises.” This was duly sworn to. The court below sustained a demurrer to this plea. No further plea being filed, the plaintiff had judgment, and Johl appealed.
The argument here in support of the demurrer is, that the plea should have been a special plea of non est factum, denying the existence of the partnership of Pollock & Johl. It is ■ urged that the plea filed may be true, that is, that the note was not executed by *39 the defendant, or by any one authorized to bind him in the premises, and yet the defendant be bound by the note, upon the ground that it was executed by his partner, Pollock, in the firm name, during the existence of the partnership. We do not see how this could be, if the note was executed in the firm name 'by the other partner during the existence of the partnership, and within the scope of the business, then it was executed by one authorized to bind the defendant in the premises. If the partnership existed, then there was authority in the other partner to bind the defendant, by the execution of the note within the scope of the business, and to deny the authority of any one to bind him by the execution of this note, necessarily denies the existence of the partnership, provided that be the real ground of defense. This general plea throws upon the plaintiff the burthen of proving the execution of the note by the defendant, or some one authorized to bind him. Carter v. Turner, 5 Sneed, 174; 3 Sneed, 459. This could be done by proving that the note was executed by Pollock in the firm name, during the existence of the partnership between them, within the scope of their business.
A defendant has the right to plead generally or specially. A general plea of non est faoturn is a general and unlimited denial that the note is the act and deed of the • party. A special plea is, in general, an admission of the signing or execution of the paper, but seeking to avoid it by reason of some special matter, such as that it has been altered or changed after its delivery, and without the maker’s consent— *40 was delivered as an escrow, etc. A general plea includes every possible special plea; a special plea of non est faetum limits the denial to some special matter, or rather it is an averment of some fact which defeats the operation of the paper as to the defendant, and in such cases the burthen of proof is on the defendant. 5 Sneed, 179; 3 Sneed, 459.
There is nothing here to show that the defendant intends to limit his plea to a denial of the existence of the partnership. The partnership may have existed, and yet this note may not be the act and deed of the defendant. It may be that ' Pollock did not sign the note, or authorize it to be done; it may have been an absolute forgery of the names of this firm.
We do not see how it can be assumed that the defendant only intended to deny the existence of the partnership, and hold that he must limit his denial to this. True, he. does not say in so many words that Pollock did not execute the paper, but it denies that it was executed by any one authorized to bind him; and if it be shown that Pollock was authorized to bind him in the premises, by reason of being his partner, then this plea would be a denial that Pollock executed the note.
It is well settled that a plea of non est factum is the proper plea where the defendant intends to deny that he was a member of the firm in whose name the note was executed. In the several cases of this character which have been before this court, so far as appears, the pleas were general pleas of non est *41 factum; and in Crossthwait v. Ross, 1 Hum., 23, it appears that the plea was that the defendant did not execute the note or authorize its execution. In that case the defense was that the note was not executed within the scope of the partnership business.
We are of opinion that the judgment ■ is erroneous, and must be reversed, and the demurrer overruled.