## M. GAVIN *v.* W. W. WALKER.

1. PARTNERSHIP. *Power of partner to bind firm.* Whether persons are partners in trade, or in occupation or employment, one partner may bind his co-partner in any matter which, according to the usual course of dealing in the particular kind of partnership, has reference to the business transacted by the firm.

2. SAME. *Same.* If money be borrowed by one partner on the credit of the firm, in the course of business of the firm, it will make no difference in the liability of other partners that it has been misapplied by the borrowing partner.

3. SAME. *Same. Dormant partner.* If two persons are partners in a business conducted by one of them without any firm name, and *a fortiori*, if the other member be a dormant partner, and the active partner give a note in his own name for money borrowed to carry on the business and on the faith of the business, the note will bind both partners.

4. SAME. *Same. Same. Evidence.* The representations of the active partner in such a case made at the time of borrowing the money are of the nature of original evidence and not of hearsay, and are admissible against the co-partner.

### FROM SHELBY.

Appeal from the Chancery Court at Memphis. W. W. McDOWELL, Ch.

W. M. RANDOLPH for complainant.

FINLAY & PETERS for defendant.

COOPER, J., delivered the opinion of the court.

The only question in this case is whether the complainant, Gavin, is liable to the defendant, Walker, on

a note executed to the latter by P. Smith, with whom Gavin was at the time in partnership, for borrowed money. The chancellor and the Referees have found that he was, and he excepts.

On January 22, 1873, Pat. Smith & Co. entered into a contract with the Paducah & Memphis Railroad Company, to grade certain sections of the company's road. The firm was composed of Pat. Smith and two other persons, merchants in Memphis. The complainant purchased the interest of the two latter in the contract, and, on February 22, 1873, entered into articles of agreement with Smith by which they became "joint partners in the profits or losses" in the contract with the railroad company. Gavin was a merchant in business in Memphis, and the articles stipulated that Smith should "give his undivided attention to said contract with the railroad company until completed." The articles do not agree upon a partnership name, nor do they contain any provision as to raising funds for the work. On February 28, 1873, Smith borrowed from the defendant, Walker, $300 for the purpose, as he said at the time, the statements being proved by three or four witnesses, to purchase supplies to enable him to carry on the work under the contract with the railroad company. He gave his individual note for the money, the loan being made on the faith of the work, and with the expectation of being paid out of the money to be received thereon. Smith was, at the same time, improving and cultivating a farm which he had bought from the defendant. Smith died May 8, 1873, and his estate proved to be utterly

insolvent. There is no proof that the money borrowed by him from the defendant was in fact ever used for the purchase of supplies, or otherwise in aid of the work on the railroad. Walker did not know at the time of the loan, nor was it generally known, that the complainant was then a partner of Smith in the work. One or two employes on the work, who are examined as witnesses, say they were not aware of the fact.

There is no conflict in the authorities, this court has said, as to how far one partner may bind his co-partner, whether they are partners in trade or partners in occupation or employment. In either case a partner can bind his co-partner in a matter which, according to the usual course of dealing, has reference to the business transacted by the firm: *Crosthwait* v. *Ross*, 1 Hum., 23. If money is borrowed by a partner for the firm, who gives his individual note therefor, that partner alone will be responsible upon the note, where the partnership has a known firm name; and in order to hold the firm liable for money advanced it must appear that it was obtained for the firm, and on the credit of the firm. If the money has been actually borrowed by one partner on the credit of the firm, in the course of the business of the firm, it will make no difference in the liability of the other partners that it has been misapplied by the borrowing partner: *Foster* v. *Hall*, 4 Hum., 346. If there be no particular style or firm name under which the partners conduct their business, and one of the partners give a note in his own name for a consideration made on the credit of the firm, or the firm business, the note will be

treated as a firm debt, binding on all the partners: *Puckett* v. *Stokes*, 2 Baxt., 442. And a note given by the active partner in the line of the partnership business will bind a dormant partner, whose liability will be general and not limited by the terms of the partnership contract: *Nichols* v. *Cheairs*, 4 Sneed, 230.

Under these principles of law, which are not disputed, the complainant would be liable, upon the facts of this case, to the defendant, Walker, on the note in controversy. There was no partnership name, and he was in effect a dormant partner, and the money was unquestionably borrowed on the faith of the partnership business. But the learned counsel of the complainant insists that there is no proof of the latter fact, the statements, admissions or declarations of Smith at the time of the loan being incompetent as evidence against the complainant. The exception was taken to the evidence in the court below, and overruled by the chancellor. Whatever an agent does in the lawful prosecution of the business he is appointed to perform is the act of the principal. And where the acts of the agent will bind the principal, there his representations, declarations and admissions respecting the subject-matter will also bind him, if made at the same time, and constituting part of the *res gestœ*. They are of the nature of original evidence, and not of hearsay; the representation or statement of the agent in such cases being the ultimate fact to be proved, and not an admission of some other fact: 1 Greenl. Ev., sec. 113; *Richardson* v. *Cato*, 10 Hum., 138. By the very act of association, each partner is

constituted the agent of all, and therefore the act or declaration of each member, in furtherance of the common object of the association, is the act of all: 1 Greenl. Ev., sec. 112; *Crouch* v. *Bowman,* 3 Hum., 209. In the *Union Bank* v. *Eaton,* 5 Hum., 499, the defendant was sued upon a note executed by Hall in the name of Hall & Eaton in renewal of a bill of exchange drawn by Hall alone. The president of the bank, by whom the bill was discounted, and the endorser of the bill were permitted to prove that Hall, at the time he procured the endorsement, and at the time he presented the bill for discount, said that he wanted the money for the use of the distillery of Hall & Eaton. And upon the strength of this testimony it was held that the bill was properly renewed by a note in the name of the firm signed by Hall, and that Eaton was liable. To the same effect is *Fisk* v. *Copeland,* 1 Tenn., 383, where the ruling was directly upon the competency of the statement of the partner. The evidence objected to in this case was therefore competent.

Confirm the report of the Referees, and affirm the decree below with costs.