RICHMOND *v.* BOYD *et al.*

(*Knoxville.* September Term, 1914.)

1. PARTNERSHIP.  Action against partners.  Denial of partnership.

Shannon's Code, sec. 5559, providing that when two or more persons sue at law, as partners, on an account, bill of exchange, bond, or note, it shall not be necessary for them to prove their partnership, unless the defendant files a plea in abatement under oath denying the partnership, has no application to defendants, sued as partners who may put the partnership in issue by an unverified denial.  (*Post, pp.* 190-195.)

Acts cited and distinguished: Acts 1859-60, ch. 104, sec. 4.

Cases cited and approved:  Coffee v. Eastland, 3 Tenn., 159; Barrett v. Hambright, 36 Tenn., 587; Johl v. Fernberger, 57 Tenn., 38; Crosthwait v. Ross, 1 Humph., 23; Furnish v. Burge, 101 Tenn., 538.

Code cited and construed:  Sec. 5559 (S.).

2. PARTNERSHIP.  Action against alleged partner.  Denial under oath.  Evidence of nonmembership.

A statute providing that every written contract, instrument, or signature purporting to be executed by the party sought to be charged, his partner, agent, or attorney in fact, and constituting the foundation of an action, is conclusive evidence against such party, unless the execution thereof is denied under oath, does not apply to an action on an instrument in the name of an alleged firm, having nothing on its face purporting to show that a particular defendant was a member of the firm, and such person was not precluded by the statute from proving nonmembership without filing a verified plea denying the same. (*Post, pp.* 195, 196.)

FROM HAMILTON.

Appeal from the Chancery Court of Hamilton County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court. —T. M. McConnell, Judge.

Sizer, Chambliss & Chambliss, for complainant.

Foust & Payne, for defendants.

Mr. Chief Justice Neil delivered the opinion of the Court.

The bill was originally filed against A. W. Boyd and his son A. W. Boyd, Jr., and H. O. Nelson, but the case was abandoned at the hearing as to all except the first mentioned.

The bill charged in substance that complaint leased a certain storehouse to Willard Bros. & Holt, a partnership, for five years; that this concern was converted into a corporation, and the lease was assigned to the latter; that subsequently so much of this lease as covered the ground floor of the building was, with the consent of the lessor, transferred to defendant Nelson, doing business under the name of the Chattanooga Bicycle Company; that this was on July 15, 1910; that on July 12, 1911, A. W. Boyd bought a half interest in the business, and that the interest in the lease of the ground floor was part of the partnership assets, and so treated; that on July 21, 1911, the partnership was composed of defendant Nelson and defendant A. W. Boyd, doing business under the aforementioned

name of Chattanooga Bicycle Company, and that on
that day they took over the lease for the residue of
the building at a rental of $25 a month for the rest
of the term, making a total rental of $75 a month; that
this assignment of the lease was approved by complain-
ant; that on August 19, 1911, defendant A. W. Boyd
purchased from defendant Nelson the interest of the
latter in the Chattanooga Bicycle Company, and be-
came sole proprietor; that defendant A. W. Boyd used
as his agent in this transaction his son, A. W. Boyd,
Jr., who represented that he had an interest, and was
also a partner; that the rent was paid up until April,
1912; that thereafter the defendnat refused to fur-
ther pay, and hence the present action was brought
to recover for the residue of the term running up to
September 1, 1913. The bill prayed that the defend-
ants should answer, but their answer under oath was
waived.

It is unnecessary to refer to the answers of A. W.
Boyd, Jr., and Nelson.

A. W. Boyd, Sr., filed his unsworn answer, denying
that he was ever a member of the firm trading under
the name of the Chattanooga Bicycle Company, or that
he ever acquired any interest in the lease. The an-
swer stated that he had purchased a half interest in
the stock of goods for his son, A. W. Boyd, Jr., and
the latter was placed in charge along with H. O. Nel-
son, and became a partner of the latter. Subsequently
his son purchased Nelson's interest; defendant A. W.
Boyd, Sr., lending his son the money.

Depositions were taken on both sides. At the hearing, however, complainant objected to the evidence offered by A. W. Boyd, assigning as cause therefor that the latter had not filed a plea of *non est factum,* and for that reason his evidence contesting the existence of the partnership was irrelevant, and complainant was entitled to a judgment for the balance of the rent, regardless of Boyd's evidence. The chancellor took a different view, and rendered a decree dismissing the bill. On appeal to the court of civil appeals the chancellor's decree was affirmed. The case is now before us on the writ of *certiorari.*

In several of the States there are statutes which make it necessary that, when persons are sued as partners, the existence of the partnership must be denied by plea under oath before any proof can be heard upon the subject. 30 Cyc., p. 583, notes 70, 71, 72; 15 Cyc. Pl. & Pr., pp. 932-937. Where no such statute exists the existence of the partnership may be denied by an unsworn plea or answer. 30 Cyc. 583, and cases cited. We have no statute in this State requiring such denial under oath. There was an act passed, chapter 104, section 4, Acts of 1859-60, reproduced in Shannon's Code as section 5559, which provides that when two or more persons bring a suit at law as partners upon an account, bill of exchange, bond, or note, it shall not be necessary for them to prove their partnership unless the defendant files a plea in abatement in writing under oath denying the partnership. But there is no statute applying to defendants sued as partners.

*Coffee* v. *Eastland*, 3 Tenn. (Cooke), 159, Fed. Cas. No. 2,945, has been referred to as establishing in this State such a rule with regard to defendants, but that is a misconception of the case. Coffee sued Eastland to recover the price of locating 5,000 acres of land. Eastland was permitted to prove at the hearing that the demand was one belonging to the firm of Coffee & Drake. It was held that this was a variance, and that Coffee could not recover singly upon the joint action. The court closed the matter with this statement:

"As to the mode of taking advantage of a partner-ship in an action of assumpsit, the true rule is this: If one of two partners be sued upon a partnership de-mand, he must plead the matter in abatement, and set out the names of the partners, so that the plaintiff may, if need be, sue them all together; but if one of the two partners bring a suit upon a partnership demand, the defendant may take advantage of it at the trial of the cause; for he may not know, until it comes out in evidence, that the fact is so."

What is meant by the first part of the statement was that, if one sued upon a partnership demand failed to disclose the names of the other partners by a plea in abatement, judgment might be had against him alone as if the demand were single. This by no means sup-ports the proposition that one sued as a partner can-not introduce evidence disproving the partnership without first denying the partnership by a sworn plea. As already stated, the latter requirement is wholly a matter of statute. At common law even a plea of *non*

*est factum* did not have to be sworn to. 16 Cyc. Pl. & Pr., 546, and note 2. Other cases are referred to which we shall now briefly consider.

*Barrett* v. *Hambright, Adm'r,* 36 Tenn. (4 Sneed), 587: This was an action of debt, brought against fifteen individuals as members of the firm called the "Hiwassee Steamboat Company," upon a promissory note signed in the partnership name, "by B. F. Martin, President." The defendants did not deny that they were members of the firm, but sought to contest their liability on the ground that B. F. Martin was not authorized to sign the firm name. The court said this point could only be contested by a plea of *non est factum,* and no such plea having been filed, the plaintiff was entitled to judgment without more.

*Johl* v. *Fernberger,* 57 Tenn. (10 Heisk.), 38: The defendant below, Johl, was sued on a note signed "Pollock & Johl." He filed a general plea of *non est factum.* This was demurred to. The trial court sustained the demurrer, and, no further plea being filed, the plaintiff had judgment, and Johl appealed. The argument made in this court in support of the demurrer was that a special plea of *non est factum* denying the existence of the partnership of Pollock & Johl should have been filed. It was insisted by counsel that the general plea might be true, that the note was not executed by Johl or by anyone authorized to bind him, yet he might be bound on the ground that it was executed by his partner, Pollock, in the firm name during the existence of the partnership. This court said, in

response to this contention, that we could not see how this contention could be sound, because if the note was executed in the firm name by the other partner during. the existence of the partnership and within the scope of the business, then it was executed by one authorized to bind the defendant; that if the partnership existed then there was authority in the other partner to bind Johl by the execution of the note within the scope of the business, and that in denying the authority of anyone to bind him by the execution of the note it necessarily denied the existence of the partnership, provided that should be the real ground of defense; that this general plea threw upon the plaintiff the burden of proving the execution by the defendant or some one authorized to bind him. Moreover, it was said that there was nothing to show that Johl intended to limit his plea to a denial of the existence of the partnership, and the court could not see how it could be assumed that the defendant intended only to deny the existence of the partnership, or how the court could hold that he should be limited to this denial. The court further said that it was well settled that a plea of *non est factum* was the proper plea where the defendant intended to deny that he was a member of the firm in whose name the note was executed; that in several cases of this character which had been before the court, so far as shown, the pleas were general pleas of *non est factum;* and that in *Crosthwait* v. *Ross,* 1 Humph., 23, 34 Am. Dec., 613, it appeared that the plea was that the defendant did not execute the note

or authorize its execution, and in that case the defense was that the note was not executed within the scope of the partnership business.

This case at most is authority for the proposition that, where one is sued upon an obligation purporting on its face to be that of a firm of which he is a member, the proper course is to file a plea of *non est factum* if he wishes to deny that the partnership name was lawfully used. That is but another way of saying that, if a promissory note is signed in the defendant's name by one purporting to be his agent, he cannot deny the execution without filing a plea of *non est factum*.

*Furnish* v. *Burge*, 101 Tenn. (17 Pick.), 538, 47 S. W., 1095: This case is irrelevant to the inquiry. The point in judgment was that where one put in a general plea of *non est factum* it was not proper to submit to the jury the issue simply whether the defendant *signed* the note, since he might be bound without personally signing it. As for example, his name might be signed by an agent authorized to do so, or he might render himself liable by an affirmation of an unauthorized act, or he might be liable through estoppel. The case, however, was cited for the benefit of certain general observations on page 543. These are sound enough, but they only go to the point that under a plea of *non est factum* a defendant may introduce any evidence to show that he is not bound on the note, either because it was originally void, or was made void by matters subsequent to its execution, and before the time of pleading; that the defendant might show under such an issue that the

instrument was a forgery, or was obtained by fraud, or was executed while the defendant was insane, or was so intoxicated as to not know what he was about, or that it was made by a married woman, or to her, but her husband disagreed to it, or that it was delivered to a stranger for the use of plaintiff who refused it, or that it was never delivered at all, or that he might show that after its execution it became void by mate-rially altering it.

While it is true that one sued as a partner on an instrument purporting to be an obligation of the part-nership may, under the general plea of *non est factum*, introduce evidence that such instrument is not bind-ing, because not executed by anyone authorized to bind the partnership, and hence it is not a partnership ob-ligation, it by no means follows that one sued on an instrument purporting to be that of a partnership of which he was not a member must file a plea in abate-ment in order to deny his membership. This goes back to the question whether it is necessary, when one has been sued as a partner, that he shall first deny the partnership by a sworn plea before he can be per-mitted to introduce evidence of the fact of his non-membership. We have already found that there is no such rule in this State.

Our statute provides:

"Every written contract, instrument, or signature purporting to be executed by the party sought to be charged, his partner, agent or attorney in fact, and constituting the foundation of an action, is conclusive

evidence against such party, unless the execution thereof is denied under oath." Shannon's Code, Sec. 5556.

It is perceived that the condition found in the statute is that the paper sued on must *purport* to be executed by the defendant, his partner, agent, or attorney in fact. In Johl v. Fernberger the obligation purported to be that of Pollock & Johl. In Barrett v. Hambright it purported to be the obligation of the Hiwassee Steamboat Company, of which defendants did not deny they were members. In the case before us the paper sued on purported to be the obligation of the Chattanooga Bicycle Company, it is true; but there was nothing on the face of it that purported that the defendant Boyd was a member of that firm, and he did not admit it. His defense was, not that the paper was not properly executed by the Chattanooga Bicycle Company, but that its due execution or the contrary did not concern him, because he was not a member of that firm. The complainant could not, by charging that he was a member thereby cause the name "Chattanooga Bicycle Company" to import, or purport, that Boyd was a member.

On the grounds stated, we are of the opinion that the chancellor and the court of civil appeals reached the correct conclusion, and the judgment of the latter court is affirmed.